UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **RICHARD CROSBY,** <br> a/k/a "Richard Williams," <br> a/k/a "Chris Miller," <br><br> **Defendant.** | **CASE NO. 1:23-cr-111** <br><br><br> **JUDGE HOPKINS** |

### GOVERNMENT'S SENTENCING MEMORANDUM

Pursuant to the Rule 11(c)(1)(C) plea agreement in this case, the United States respectfully recommends that the Court impose the stipulated 37-month prison sentence.

I.  The Guideline Range

When the parties drafted the plea agreement, the parties contemplated that the defendant's guideline range would be 37 to 46 months (offense level 21, criminal history category I).  The Probation office calculated the same range in its initial presentence report, which was filed on August 22, 2024 (ECF no. 33, ¶ 108).  In other words, it appeared at first that the plea agreement's 37-month stipulated sentence represented a sentence at the low end of the guideline range.

However, on September 20, 2024, the government informed the Probation office and defense counsel that the government had recently learned of some additional criminal conduct by the defendant, which the defendant had committed while he was out on bond in this case.

1

Specifically, the government had learned that the defendant had been running a new scam in which he continued to hold himself out as an attorney. He was targeting local inmates and their families. The defendant claimed that he could help inmates with post-conviction relief like appeals, parole, and sentence reductions. In one case, he took $2,500 from the mother of a local inmate. The defendant performed no services in return for the $2,500.

Based on this new information, the Probation office issued an amended initial presentence report on October 10, 2024 (ECF no. 34). This new information caused an increase to the defendant's offense level. With a new offense level of 23 instead of 21, the defendant's guideline range increased to 46 to 57 months. The final presentence report reflects this new range (ECF no. 35, ¶ 121).

In short, although the stipulated sentence of 37 months in the plea agreement appeared to represent a guideline sentence when the plea agreement was drafted, the 37-month sentence now represents a below-guideline sentence.

II.     Sentencing Recommendation

The United States respectfully recommends that the Court impose the stipulated 37-month prison sentence. Based on the defendant's egregious, ongoing conduct, he deserves this substantial prison sentence.

The defendant's conduct is well documented in the plea agreement and the presentence report and need not be repeated here in detail. In summary, the defendant was a practicing lawyer in Cincinnati. He ultimately resigned his law license with disciplinary proceedings pending and was convicted in two Hamilton County criminal cases pertaining to him stealing from his clients. Beginning in April 2021, while the bar discipline proceedings were underway,

he began the instant offense conduct: using aliases and forged credentials to get hired for attorney positions at various law firms across the country.  He defrauded at least seven firms, and he used personal identifying information belonging to his girlfriend, his elderly father, a deceased person from North Carolina, and others.  He even falsely represented himself as a former United States Marine.  This conduct continued until the moment of his arrest on October 26, 2023, at which point he was still on probation from his Hamilton County criminal cases.

His conduct did not improve while he was on bond in this case.  He hatched a new scheme in which he continued to hold himself out as an attorney.  As mentioned above, he was targeting local inmates and their families, claiming that he could help inmates with post-conviction relief like appeals, parole, and sentence reductions.  In one case, he took $2,500 from the mother of a local inmate and performed no legal work in return.

The defendant even lied to this Court on June 25, 2024, when he appeared for a change-of-plea hearing.  He stated that he was feeling the effects of some medical issues.  At a sidebar, his attorney explained that the defendant had told her that he had been seen that morning at a hospital and was given a morphine drip and other drugs. Based on these representations, the Court suspended the hearing and postponed it more than six weeks, until August 8, 2024.  In reality, GPS tracking data showed that the defendant had not gone to a hospital before the hearing.  He did, however, drive to a hospital after the hearing, where he sat in the parking lot in an apparent attempt to make it appear that he was seeking medical treatment.  Shortly thereafter, this Court revoked the defendant's bond.

In summary, this defendant has demonstrated over the last several years that he simply has no interest in reforming his behavior and following the law.  One would think that being

disbarred by the State of Ohio and prosecuted by Hamilton County for stealing from clients would have caused the defendant to reform. Unfortunately, it did not have that effect. If anything, the lenient sentence of probation that he received from Hamilton County only served to embolden him, as he immediately commenced the fraud scheme that gave rise to this federal case. Similarly, when he was arrested in this case but released on bond (the government had moved for detention), this simply enabled him to go back into the community and start defrauding more victims through his inmate scam. Clearly, at this point, incarceration is the only way to deter this defendant from further criminal conduct.

Richard Crosby is the rare defendant who was given every possible advantage in life. "[H]e enjoyed a traditional upbringing in a financially-stable household" with both parents. (Presentence report ¶ 94). His parents were attentive. He was not abused. He played sports. (PSR ¶ 95). He attended college and law school. He earned a law degree and passed the bar exam. (PSR ¶ 110). He earned six-figure salaries at various employers. (PSR ¶ 113-115). In short, he has no excuse for his conduct. A 37-month prison sentence is appropriate.

In light of all of the above, it could reasonably be asked whether 37 months is enough time in prison. There is very little that can be said in mitigation for this defendant, with one exception: this man has never been to prison before. Thus, a 37-month sentence should be sufficient to deter him from future criminal conduct.

III.    Conclusion

For the foregoing reasons, the United States respectfully recommends that the Court impose the stipulated sentence of 37 months in prison.

Respectfully submitted,

KENNETH L. PARKER
UNITED STATES ATTORNEY

*/s/ Timothy Landry*
TIMOTHY LANDRY (MA 669554)
Special Assistant U.S. Attorney
221 E. Fourth St., Suite 400
Cincinnati, Ohio 45202
Phone No.: (513) 684-3711
Email: Timothy.Landry@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum was served via the CM/ECF system.

s/Timothy Landry
TIMOTHY LANDRY (MA 669554)
Special Assistant U.S. Attorney