# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:23-cr-111 |
| v. | : | |
| | : | |
| RICHARD CROSBY, | : | Judge Hopkins |
| | : | |
| Defendant. | : | |

### SENTENCING MEMORANDUM OF RICHARD CROSBY

Now comes the Defendant, Richard Crosby, and hereby files this sentencing memorandum in support of a 37-month term of imprisonment. As detailed in the plea agreement, the parties agreed, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that the requested sentence is sufficient but not greater than necessary. For the reasons stated herein, as well as those that will be presented at sentencing, Mr. Crosby respectfully asks the Court to honor the parties' agreement.

### I. Procedural History.

After being charged by way of criminal indictment, Mr. Crosby plead guilty to three counts of social security fraud, in violation of 42 U.S.C. § 408(a)(7)(B). The PSR details Mr. Crosby's offense conduct, which he admitted to during the change of plea hearing. On the date of sentencing, Mr. Crosby will have been detained for 235 days (or just shy of 8 months). If the Court imposes the requested sentence, Mr. Crosby will still have over two years left to serve. A careful review of the sentencing factors under 18 U.S.C. § 3553(a) demonstrates that a longer sentence is unnecessary.

### II. Guideline Calculation.

Probation assessed an advisory guideline range of 46 to 57 months, based on a criminal history category I and a total offense level 23. (PSR, ¶121). Presently, there is one outstanding

objection regarding the application of the enhancement found at U.S.S.G. § 3A1.1. (PSR, ¶72). During the objection phase of the PSR process, the defense articulated that Mr. Crosby's conduct is properly covered under U.S.S.G. § 3B1.3. Accordingly, an additional assessment under § 3A1.1 is unwarranted. Mr. Crosby incorporates those same arguments here and, to the extent necessary, will further address the objection at the time of sentencing.

If the Court sustains the objection, Mr. Crosby's advisory guideline range would be 37 to 46 months, based on a criminal history category I and a total offense level 21. As such, the sentence contemplated in the plea agreement constitutes a within-guideline sentence.

### III. Nature and Circumstances of the Offense and History and Characteristics.

The probation officer provided a detailed summary of the nature and circumstances of the offense. (PSR, ¶¶19-55). Mr. Crosby acknowledges the seriousness of his conduct and has agreed, as part of the plea agreement, that it warrants a term of imprisonment. That said, the severity of his offense is mitigated by his history and characteristics.

As noted by probation, Mr. Crosby's criminal history stems from his depression and substance abuse. (PSR, ¶106).[1] Though convicted in state court of similar offenses, Mr. Crosby was never ordered to participate in mental health or substance abuse treatment. (*Id.*). While Mr. Crosby certainly came from a stable and loving home environment, his adult life has been plagued with a rigorous work schedule and a difficult divorce/child support arrangement. Obviously, Mr. Crosby's coping mechanisms have not been the healthiest and he could benefit from rehabilitative programming upon his release.

Notwithstanding these difficulties, Mr. Crosby has several redeeming qualities. While at the Butler County Jail, rather than squander his time in local custody, he has worked to rehabilitate himself. Further, he maintains a close relationship with his children and is known as a "devoted and enthusiastic father." (PSR, ¶102). The time Mr. Crosby has been away from his children has been

particularly difficult; and he is deeply remorseful for the harm he has caused to his family by his actions.

      IV.     **<u>Need to Avoid Unwarranted Sentence Disparities.</u>**

According to the U.S. Sentencing Commission's Judiciary Sentencing Information (JSIN), during the last five fiscal years (FY2019-2023), "there were 315 defendants whose primary guideline was §2B1.1, with a Final Offense Level of 21 and a Criminal History Category I." "For the 292 defendants (93%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 27 months and the median length of imprisonment imposed was 28 months." *See* [USSC - JSIN](). Thus, under this guideline calculation, Mr. Crosby's requested sentence is slightly higher than those similarly situated.

If, however, the advisory guideline range is 46 to 57 months, based on a total offense level 23 and a criminal history category I, the average length of imprisonment imposed – in the last five fiscal years – has been 35 months.[2] Whereas, the median length of imprisonment imposed was 36 months. In other words, the sentence requested herein is directly in line with the sentences imposed for defendants similarly situated in a 46 to 57-month range.

After looking at both guideline calculations and the average/median sentences imposed, any sentence in excess of the agreed-upon 37 months would clearly result in an unwarranted sentence disparity.

      V.     **<u>Restitution.</u>**

By statute and agreement of the parties, the Court must order restitution in the amount of $170,769.29. (PSR, ¶136). This sentencing objective is most readily accomplished upon Mr.

---

[1] Probation quoted the sentencing memorandum of Mr. Crosby's state attorney. (PSR, ¶106).
[2] For FY2019-2023, there were 283 defendants whose primary guideline was § 2B1.1 with a Final Offense Level 23 and a Criminal History Category I. Out of the 283 defendants, 257 (91%) were sentenced to a term of imprisonment. *See* [USSC - JSIN]().

Crosby's release, as he will be able to seek and maintain legitimate employment. As such, this factor supports the Court's imposition of the agreed-upon sentence.

### VI. Conclusion.

Mr. Crosby is a 37-year-old man who has never before spent any time in prison. The agreed upon sentence is not only the longest sentence he will have served, but also the only term of imprisonment to ever be imposed. Mr. Crosby unquestionably committed a serious offense, but his history offers context for his conduct. Further, it provides guidance for a proper path forward. After serving his term of incarceration, Mr. Crosby will be subject to a period of supervised release where the Court can monitor his financial obligations, as well as his mental health and substance abuse issues. The sentence suggested by the parties is not lenient; nor is it unduly harsh. It represents a careful consideration of all of the factors under 18 U.S.C. § 3553(a).

Wherefore, based on the foregoing, as well as the arguments that will be advanced at sentencing, Mr. Crosby respectfully asks the Court to impose the sentence contemplated in the plea agreement: a term of imprisonment of 37 months.

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER

s/ Zenaida R. Lockard
Zenaida R. Lockard (KY93402)
Assistant Federal Public Defender
250 East 5th St., Suite 350
Cincinnati, OH 45202
Zenaida_Lockard@fd.org

*Attorney for Defendant
Richard Crosby*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served via this Court's electronic filing system on all counsel of record on this 31st day of January 2025.

                                                       <u>s/ Zenaida R. Lockard</u>
                                                       Zenaida R. Lockard (KY93402)